**F I L E D**

PUBLISH

**September 22, 2005**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

DEREK D. ANDERSON,

        Petitioner - Appellant,

v.

ATTORNEY GENERAL OF
KANSAS; DAVID R. MCKUNE,
Warden, Lansing Correctional Facility,

        Respondents - Appellees.

No. 04-3243

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. NO. 00-3222-SAC)**

---

Submitted on the Briefs:[*]

Derek D. Anderson, *pro se.*

Phill Kline, Attorney General and Kristafer R. Ailslieger, Assistant Attorney
General, Topeka, Kansas, for the Respondents - Appellees.

---

Before **HARTZ**, **McKAY**, and **PORFILIO**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

**HARTZ**, Circuit Judge.

A Kansas jury convicted Derek D. Anderson of committing aggravated sexual battery while a patient undergoing treatment for schizophrenia at a mental health facility. He claims that his trial counsel was ineffective for not raising an insanity defense. We affirm the district court's denial of his application for relief under 28 U.S.C. § 2254.

## I. BACKGROUND

Mr. Anderson's assault conviction stems from an incident that occurred June 13, 1988, in the women's restroom at the Rainbow Mental Health Center. Ms. Leanna Birchard, a Rainbow employee, testified that Mr. Anderson, then a patient under her care, informed her that he could not sleep. He was given medication to help him sleep and went to bed. Later, Ms. Birchard went to the women's restroom and entered a stall. While in the stall, she heard someone else enter the restroom and, upon leaving the stall, saw Mr. Anderson. Despite her telling him that he needed to leave the restroom and return to the day hall, he started walking toward her. When she again insisted that he leave, he became agitated. When she shouted for help, he put his fist in her face and threatened her. He repeatedly touched her shoulders, and once brought his head toward her face in a motion she interpreted as an attempt to kiss her, but no actual kiss

-2-

occurred. At one point he pulled her shorts halfway down, but she quickly pulled them back up. She was eventually able to escape from the restroom and summon help. A male nurse from another part of the facility came immediately. The local police were called and Mr. Anderson was taken into custody.

### A. State Proceedings

An information filed on July 13, 1988, charged Mr. Anderson with aggravated sexual battery, a felony offense. He was appointed counsel, who filed a pretrial-conference document indicating that there might be a competency issue and that Mr. Anderson might rely on insanity as a defense. The state trial judge ordered a competency examination. At a hearing on September 15, 1988, the court determined that Mr. Anderson was incompetent to stand trial and ordered him confined for evaluation and treatment. He was discharged from the confinement on December 27, 1988.

Mr. Anderson's first court-appointed counsel was later granted leave to withdraw and a second counsel was appointed before trial. At trial in February 1989 the state called three witnesses: Galen Hunt, Rainbow's physical plant supervisor; Detective Clyde Blood, the investigating officer; and Leanna Birchard. Mr. Anderson's counsel cross-examined Mr. Hunt and Ms. Birchard and called Detective Blood as a defense witness.

The defense presented at trial was that the prosecution failed to prove all the elements of aggravated sexual assault—in particular, that it failed to show beyond a reasonable doubt that Mr. Anderson had applied force with the intent to arouse or satisfy his sexual desire. To that end, defense counsel cross-examined Ms. Birchard and elicited admissions that he did not kiss her, fondle her, request sexual contact, or state that he desired sexual activity. Defense counsel also questioned Detective Blood regarding Ms. Birchard's statement to the police and established that Mr. Anderson did not remove any of his clothing or otherwise expose himself and made no specific gestures or statements that he intended to have sexual relations with her.

Trial counsel unequivocally renounced an insanity defense. The court noted that "[t]here's been nothing on sanity." Trial Tr. at 16. And Mr. Anderson's counsel argued that the prosecution's witnesses could not testify as to Mr. Anderson's mental condition because "[w]e haven't used insanity as a defense. They can bring witnesses in here, but they can't do that until we open the door." *Id*. at 18.

The court instructed the jury that aggravated sexual battery required the showing of three elements: (1) the intentional application of force to a victim who is not the defendant's spouse and did not consent; (2) "the force was applied with the intent to arouse or satisfy the sexual desires of the defendant"; and (3) the

alleged act occurred in Wyandotte County, Kansas, on June 13, 1988. St. Ct. R. at 173. The jury was also instructed on two lesser offenses: sexual battery and battery. The jury returned a verdict of guilty on the charge of aggravated sexual battery.

Mr. Anderson's trial counsel filed a motion for a new trial, arguing that the jury instructions were defective, the trial court erred in denying his motion to dismiss at the close of the state's evidence, the prosecutor's closing argument was improper and prejudicial, and the verdict was contrary to the evidence. After a hearing the court denied the motion. Mr. Anderson then made the following statement:

> Your Honor, I wasn't allowed to testify on my own behalf in court. There were certain witnesses I could have used. A doctor could have been subpoenaed to testify for me. I was sedated on medication. I was having psychological problems at the particular time. I don't feel like I've had a due right to show that I was suffering from a psychological problem at the time. My record speaks for that. I did not intentionally commit the crime. I was hallucinating. The doctors had me on a drug that is for psychotic people. I was there for that treatment. I don't feel like my case had been presented properly to the best of my ability. I believe there's been a lot of things that weren't brought out on my behalf.
> . . .
> I want to state for the record that I don't think I had an adequate defense at the time.

St. Ct. R. Trans. of Motion for New Trial at 12-13. The court responded:

> Mr. Anderson, I guess the statement calls for trial strategy. You never know which one is best or proper one. You always take the one you believe at the time was the best or proper one. To show

from your doctor that because of medication or something else it's a very strict theory to follow under Kansas law that you didn't understand the nature and consequences of your act. It's a difficult position to show even with medical testimony. I can understand your questioning. We always sit back afterwards and sit back and it's like the old Monday morning quarterbacking. You take the strategy you think is right and put on the evidence you think should be done and you wait for the results.

*Id.* at 13.

Mr. Anderson appealed and was appointed his third new counsel for the appeal. The Kansas Court of Appeals affirmed the conviction, rejecting his arguments that there was insufficient evidence to support the verdict, that the prosecutor's statements during closing argument constituted reversible error, and that his sentence was unlawful. The appeal did not argue ineffective assistance of counsel. The Kansas Supreme Court denied review.

Mr. Anderson, proceeding pro se, then filed a motion for post-conviction relief in the Kansas state court, arguing, in relevant part, that "trial counsel was ineffective as a result of his failure to investigate mitigating evidence in general, failure to investigate or call mitigating character witnesses, failure to present evidence and defense of insanity (mental incompetence)." St. Ct. R. Motion for Relief at 8 ¶ 17. The district court denied relief, ruling that the assertion that trial counsel failed to investigate mitigating evidence was too vague for review and that the record did not support his allegation that counsel was ineffective for not

presenting an insanity defense. Mr. Anderson was appointed counsel a fourth time for the appeal.

The Kansas Court of Appeals affirmed the district court's denial of post-conviction relief. Noting Mr. Anderson's statements to the court at the trial-court hearing on his motion for a new trial, the court stated that he had raised the insanity-defense issue before the trial court and that failure to pursue the issue in his direct appeal waived it under Kansas law. The Kansas Supreme Court denied review.

## B.    Federal Proceedings

Mr. Anderson then filed a pro se application for relief under 28 U.S.C. § 2254 in the United States District Court for the District of Kansas. He alleged ineffective assistance of counsel as follows:

> The petitioner next contends that his trial counsel violated his rights by failing to adequately prepare or investigate mitigating evidence.
> Petitioner next contends that trial counsel's decision to not present a defense of insanity was unfair and in violation of his rights.

Dist. Ct. R. Doc. 1 at 5. The district court initially dismissed the petition on the ground that the claims were procedurally barred, but we reversed that finding and remanded for further proceedings. *See Anderson v. Att'y General of Kansas*, 342 F.3d 1140, 1144 (10th Cir. 2003).

-7-

On remand Kansas argued that Mr. Anderson had failed to allege facts from which the court could find that trial counsel was ineffective and that he was not entitled to an evidentiary hearing under the standard set forth in 28 U.S.C. § 2254(e). Mr. Anderson responded that (1) "it is a matter of record that the psychiatrist was willing to testify and because defense counsel did not want nor choose to investigate this type of defense that action clearly compromise[d] my defense," Dist. Ct. R. Doc. 38. at 1; and (2) the factual basis for his ineffective-assistance-of-counsel claim could not be resolved on the basis of the trial record and he had exercised due diligence to obtain evidence, *id.* at 2.

The district court found that Mr. Anderson had attempted to raise his claim in post-conviction proceedings, but the Kansas courts had refused to consider it. Because Mr. Anderson was denied the opportunity to develop the factual basis for his claim in state court, the district court concluded that the strictures of 28 U.S.C. § 2254(e)(2) did not apply and that Mr. Anderson was entitled to an evidentiary hearing in federal habeas proceedings "so long as his allegations, if true and if not contravened by the existing factual record, would entitle him to habeas relief." Dist. Ct. R. Doc. 41 at 6 (quoting *Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir. 1998)). The district court concluded, however, that he was not entitled to an evidentiary hearing, denied the request for appointment of counsel, and dismissed the petition. It explained:

> The trial testimony fully informed the jury of petitioner's residency in the mental health residential cottage, and of the fact that petitioner had been given additional medication earlier that evening to help him sleep.
>
> Significantly, petitioner identifies no specific witnesses that would have had testimony or expert opinion relevant to petitioner's actions the night of June 13, 1988. He also does not indicate he ever asked his attorney to pursue a defense based upon petitioner's mental sufficiency to form the intent required for the state crime, and the record contains no challenge or any factual basis to challenge petitioner's competency at the time of his trial. Petitioner's concern that greater inquiry concerning his medication the night of the crime might have produced evidence of an impaired mental state is speculative at best, and contrary to trial testimony describing petitioner's actions as lucid and responsive to an awareness that his conduct was not innocent.

Dist. Ct. R. Doc. 41 at 10-11.

Mr. Anderson then filed an application for a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c), with this court, alleging that his trial counsel was ineffective and that the district court abused its discretion when it denied an evidentiary hearing. A judge of this court granted a COA on the ineffective-assistance-of-counsel claim, instructing the government to file a brief also addressing whether the district court erred in refusing to hold an evidentiary hearing.

## II. DISCUSSION

A district court's decision to grant or deny an evidentiary hearing in a habeas proceeding is reviewed for an abuse of discretion. *Vigil v. Zavaras*, 298 F.3d 935, 943 (10th Cir. 2002). "An abuse of discretion occurs when the district

court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings," *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998), or when the court's decision is "arbitrary, capricious, or whimsical," *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991). An ineffective-assistance-of-counsel claim presents a mixed question of law and fact. *Miller*, 161 F.3d at 1254. "We must accept the district court's underlying factual findings unless clearly erroneous, but we review de novo whether counsel's performance was legally deficient and whether any deficiencies prejudiced [the defendant]." *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir. 1993). *See also Strickland v. Washington*, 466 U.S. 668, 698 (1984).

Mr. Anderson argues that his trial counsel was ineffective because he (1) failed to investigate and present an insanity defense and (2) failed to "investigate mitigating evidence." Aplt. Br. at 3-3a. He claims that it was unreasonable not to pursue an insanity defense because (1) the medication he was given may have reacted with other medication to cause psychological problems; (2) he was initially found incompetent to stand trial for the offense; (3) he was diagnosed with schizophrenia at the time of the offense; and (4) Dr. Jose Cabanas, the physician who diagnosed his schizophrenia, could have presented expert testimony regarding his mental state at the time of the offense. He further claims that the district court erred in not granting an evidentiary hearing and contends

that his trial counsel "should have been required to testify as to why he did not present the only viable defense." Aplt. Br. at 3. Insofar as the allegation that trial counsel failed to investigate mitigating evidence relates to evidence not directed to the insanity-defense claim, Mr. Anderson has not alleged any matters that counsel failed to investigate. We thus confine our consideration to the insanity-defense claim.

As a preliminary matter, we note that under 28 U.S.C. § 2253(d) we may owe deference to the state district court's ruling that Mr. Anderson had not established that his trial counsel was ineffective. But we need not decide whether deference is due because our independent review establishes that the ineffectiveness claim lacks merit.

We further note that Respondent does not dispute that the restrictions on evidentiary hearings in 28 U.S.C. § 2254(e)(2) are inapplicable here and that Mr. Anderson would be entitled to an evidentiary hearing "so long as his allegations, if true and if not contravened by the existing factual record, would entitle him to habeas relief." *Miller*, 161 F.3d at 1253. But the factual allegations must be "specific and particularized, not general or conclusory." *Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995). Moreover, an evidentiary hearing is unnecessary if the claim can be resolved on the record. *Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003).

To obtain relief on his ineffective-assistance-of-counsel claim, Mr. Anderson must show both that his "counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. The burden rests on the defendant to show "the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. Our review of trial counsel's performance "must be highly deferential" and we "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted).

Whether to raise a particular defense is one aspect of trial strategy, and informed "strategic or tactical decisions on the part of counsel are presumed correct, unless they were completely unreasonable, not merely wrong." *Bullock v. Carver*, 297 F.3d 1036, 1047 (10th Cir. 2002) (internal quotation marks omitted). This "'virtually unchallengeable' presumption of reasonableness operates only where it is shown (1) that counsel made a strategic decision and (2) that the decision was adequately informed." *Id.* (quoting *Strickland*, 466 U.S. at 690-91). If counsel was not adequately informed, the strategic decision was reasonable

-12-

only to the extent that counsel's decision not to investigate fully the law and facts possibly relevant to the defense was a "reasonable professional judgment." *Strickland*, 466 U.S. at 690-91. "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* at 691.

Applying these demanding standards, we find that Mr. Anderson was not entitled to an evidentiary hearing. His claim must be evaluated in light of Kansas law regarding the insanity defense. At the time of Mr. Anderson's trial, Kansas adhered to the *M'Naghten* test for insanity. *Kansas v. Baker*, 877 P.2d 946, 952 (Kan. 1994). "The *M'Naghten* test/rule is that an accused is to be held not criminally responsible (1) where the accused does not know the nature and quality of the accused's act, or in the alternative, (2) where the accused does not know the right from wrong with respect to that act." *Id.* at 952-53. Mr. Anderson must show the need for an evidentiary hearing to resolve whether his counsel adequately investigated the possible factual basis for this very limited defense or was objectively unreasonable in failing to pursue the defense.

We begin with the claim of inadequate investigation. Mr. Anderson has made no "specific and particularized" factual allegations, *Hatch*, 58 F.3d at 1471, that his counsel failed to pursue a lead to obtain evidence to support his insanity at the time of the offense. His counsel undoubtedly knew that Mr. Anderson was

confined in a mental institution when he committed the offense, that he took sleep medication just before the offense, and that he had been found incompetent to stand trial. Counsel also knew, however, that Mr. Anderson was later found competent to stand trial, and surely was familiar with the report finding him competent. Mr. Anderson has not alleged that any mental health expert had expressed a view that he met the *M'Naghten* test at the time of the offense, or even that his counsel failed to determine the views of the professionals who treated and evaluated him. Nor does the record suggest that their views would have been helpful to an insanity defense. On the contrary, Dr. Cabanas was subpoenaed as a witness by *the state*.

The purpose of an evidentiary hearing is to resolve conflicting evidence. Mr. Anderson has pointed to no evidence supporting his claim. Perhaps he could have conducted discovery to see whether any substance supported his conclusory allegations. *See* Rule 4(a), Rules Governing § 2254 Cases. But on the record before it, the district court did not abuse its discretion in refusing to conduct an evidentiary hearing regarding the investigative efforts of Mr. Anderson's counsel. *See East v. Scott*, 55 F.3d 996, 1002 (5th Cir. 1995) ("Whether the record raises a genuine factual issue [requiring an evidentiary hearing in a § 2254 proceeding] is decided by the same standards used to decide a Rule 56 motion for summary judgment. [*Blackledge v. Allison*, 431 U.S. 63, 80 (1997)].")

Nor was an evidentiary hearing needed to resolve whether Mr. Anderson's trial counsel was ineffective for failing to raise an insanity defense. Mr. Anderson contends that his "[c]ounsel should have been required to testify as to why he did not present the only viable defense [insanity]." Aplt. Br. at 3. But such testimony was unnecessary. The record refutes the claim of ineffective assistance.

It is clear from the trial transcript that Mr. Anderson's trial counsel made a strategic decision not to raise an insanity defense. During proceedings in open court with Mr. Anderson present, his second trial counsel argued that the prosecution's witnesses could not testify regarding sanity because "[w]e haven't used insanity as a defense. They can bring witnesses in here, but they can't do that until we open the door." Trial Tr. at 18.

This last comment is quite suggestive of the reasoning behind defense counsel's strategy. The comment was in response to the prosecutor's statement that he wished to put on evidence of Mr. Anderson's mental condition. The prosecutor's concern was not that he needed to rebut a formal insanity defense; rather, he was concerned that the evidence that had to come in to describe the offense could raise doubts about Mr. Anderson's capacity to form the requisite intent. The prosecutor said:

> We have a patient in the Rainbow treatment facility. It's a facility for people with mental problems. We have to show that his

-15-

conduct was willful and intentional and was acting in a responsible cognizant way. It states in the PIK section for aggravated criminal battery the defendant must have intentionally applied force to the person of another. We would contend that these people had special opportunity that evening several times to observe the defendant and observe his behavior and his emotional status and the physical condition and speech and ability to rationally conduct himself, and that these opinions are very relevant for the jury to understand this testimony.

Trial Tr. at 17-18.

Defense counsel did not wish to "open the door" to permit such testimony, so he studiously avoided any reference to his client's mental health during the trial. The jury, however, would be well aware that Mr. Anderson suffered from mental illness—after all, the incident occurred while he was confined in a mental institution. In light of that illness (and the sleep medication he had recently taken), the jury might well infer (or at least have a reasonable doubt) that Mr. Anderson's bizarre behavior in the women's restroom was not driven by sexual desire, thus requiring a not-guilty verdict. Testimony by a government expert regarding Mr. Anderson's mental health could have undercut this (implicit) defense theory. In other words, defense counsel could reasonably decide that (1) an insanity defense had little likelihood of success under the strict *M'Naghten* rule, (2) the evidence that the incident occurred while Mr. Anderson was confined in a mental institution could raise a reasonable doubt about his lascivious intent, and (3) any argument by defense counsel based on Mr. Anderson's mental

condition could open the door to damaging expert testimony in support of the prosecution. Defense counsel's unequivocal strategic decision to forego an insanity defense hardly merits the description "completely unreasonable." *Bullock*, 297 F.3d at 1047.

In light of Mr. Anderson's failure to allege any specific investigation that his trial counsel should have conducted and the clearly reasonable trial strategy employed by counsel, we hold that the district court did not abuse its discretion in refusing to conduct an evidentiary hearing, and we affirm its rejection of Mr. Anderson's ineffective-assistance claim. We also find no abuse of discretion in the district court's denial of Mr. Anderson's request for appointed counsel.

We AFFIRM the district court's denial of relief.


**PORFILIO**, Circuit Judge, concurs in the result.