**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RUSSELL RATH,

    Petitioner-Appellant,

v.

THE ATTORNEY GENERAL OF
THE STATE OF COLORADO;
JAMES KEITH, Warden, Bent County
Correctional Facility,

    Respondents-Appellees.

No. 08-1193

(D.C. No. 06-cv-0419-WYD-BNB)
(D. Colorado)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

Appellant Russell Rath, a state prisoner appearing pro se,[1] seeks a

certificate of appealability ("COA") to appeal the district court's dismissal of his

28 U.S.C. § 2254[2] habeas petition. We deny the request for a COA and dismiss

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

[1] As he is proceeding pro se, we have construed Rath's pleadings liberally.
Cannon v. Mullin, 383 F.3d 1152, 1160 (10th Cir. 2004).

[2] Section 2254 is part of the Antiterrorism and Effective Death Penalty Act
of 1996 ("AEDPA").

the appeal.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327 (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Rath is in the custody of the State of Colorado, having been sentenced to sixteen years' imprisonment for second-degree kidnapping and first-degree sexual assault, stemming from the abduction and rape of a fifteen-year-old girl. His conviction was ultimately affirmed following his direct appeal, and his petition for post-conviction relief was also denied by the Colorado courts. In his federal habeas petition, Rath alleged a myriad of claims, including: improper admission of evidence at trial; multiple attacks on his state post-conviction review; sufficiency of the evidence supporting his convictions; fraudulent practices by the trial court; ineffective assistance of trial and appellate counsel; judicial bias and misconduct; prosecutorial misconduct; and selective application of state law on appeal. See Doc. 8 (amended application); Doc. 45 at 6-7 (order of district court listing claims). The district court, in a thorough, 49-page order, denied Rath's

application and dismissed the action.  Doc. 45.

Rath does not, however, request a COA on all the claims he made to the district court.  Rath seeks a COA for eight issues: (1) admission by the trial court of similar transaction evidence; (2) error on appeal of the denial of Rath's post-conviction motion based on alleged omissions from the record on appeal; (3) sufficiency of the evidence at trial to support his convictions; (4) a fraudulent record in the trial court; (5) ineffective assistance of trial counsel; (6) judicial bias and misconduct; (7) prosecutorial misconduct; and (8) selective application of state law on appeal.  See Application for Certificate of Appealability at 2.

In evaluating whether Rath has satisfied his burden for a COA, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  Miller-El, 537 U.S. at 338. Although Rath need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith."  Id.  After careful review of the materials submitted by Rath, the district court order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in Miller-El, we conclude the requirements for a COA have not been met.  The district court's resolution of Rath's § 2254 petition is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Id. at 327.

3

In addition, Rath spends a great deal of his application for a COA attempting to undermine the district court's order based on the district court's determination that an evidentiary hearing was not necessary for resolution of his § 2254 petition. Rath alleges an evidentiary hearing was necessary because:

(1)     portions of his trial transcript and exhibits were not submitted with his appeal of the denial of his state post-conviction motion for relief; and

(2)     a question of fact remains regarding the accuracy of the trial transcript. Rath claims certain witnesses he requested be subpoenaed on this issue did not testify at the evidentiary hearing conducted on his state post-conviction motion.

Rath's claimed need for an evidentiary hearing therefore relates only to two of his claims: error on appeal of the denial of his post-conviction relief motion based on alleged omissions from the record on appeal, and a fraudulent record.

Section 2254(e)(2) of the AEDPA "strictly limits a federal court's ability to grant evidentiary hearings." Coronado v. Ward, 517 F.3d 1212, 1217 (10th Cir. 2008). That section states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
> (A) the claim relies on-
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been

4

previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Regarding submission of an incomplete record on appeal from the denial of his motion for post-conviction relief, Rath's first claimed issue which he contends requires an evidentiary hearing, is his contention that the appellate court did not have portions of the trial transcript and trial exhibits when it considered the appeal of the denial of his motion. On this basis, Rath could not have "develop[ed] the factual basis of a claim in State court proceedings," § 2254(e)(2), because the alleged omission did not occur until after the evidentiary hearing on Rath's motion for post-conviction relief.

If the petitioner did not "fail[] to develop the factual basis of a claim in State court proceedings," then § 2254(e)(2) is not applicable and "a federal habeas court should proceed to analyze whether a hearing is appropriate or required under pre-AEDPA standards." Bryan v. Mullin, 335 F.3d 1207, 1214 (10th Cir. 2003). "Under those standards, [the petitioner] is entitled to an evidentiary hearing as long as his allegations, if true and not contravened by the existing factual record, would entitle him to habeas relief." Id. (internal quotation omitted); see also Wilson v. Sirmons, __ F.3d __, 2008 WL 3166975, at *10 (10th Cir. Aug. 08, 2008) (reviewing same standards). "Moreover, an evidentiary

5

hearing is unnecessary if the claim can be resolved on the record." Anderson v. Attorney Gen. of Kan., 425 F.3d 853, 858-59 (10th Cir. 2005) (internal quotations and citations omitted).

These standards require us to assume Rath's allegations are correct–that the appellate court did not have portions of the trial transcript and trial exhibits for its review of the denial of Rath's state post-conviction motion for relief. However, Rath's allegations still do not entitle him to an evidentiary hearing because, even when assumed true, they do not entitle him to habeas relief. This claim does not allege that Rath "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Rath's claim alleges deficiency only in his post-conviction review in the state court, to which there is no federal constitutional right. Pennsylvania v. Finley, 481 U.S. 551, 556-57 (1987). An evidentiary hearing is not necessary when the factual allegations do not entitle Rath to habeas relief. Bryan. 335 F.3d at 1214.

Regarding fraud in the record submitted on appeal, Rath's second claimed issue which he contends requires an evidentiary hearing, the court issued subpoenas to all the witnesses Rath wished to have testify at the evidentiary hearing; however, several of Rath's witnesses were not found by the court-appointed investigator. See Tr. V.XV. at 30-33. The court then accepted Rath's proffer of these witnesses' testimony. Id. In addition, the court heard testimony from the court reporter who was located by the investigator, id. at 17-18, two law

6

enforcement officers, <u>id.</u> at 13, 15, the attorney who represented Rath throughout his direct appeal, <u>id.</u> at 46-72, the attorney who represented Rath throughout his trial, <u>id.</u> at 76-189, and several others, <u>id.</u> at 21-37.  Rath is permitted no further evidentiary hearing under § 2254(e)(2), because he has already had the opportunity to develop the factual basis for his claim in the state court.  In addition, an evidentiary hearing is unnecessary because Rath's claim can be resolved on the existing factual record.  <u>Anderson</u>, 425 F.3d at 859.

We conclude that the district court did not abuse its discretion in denying Rath's request for an evidentiary hearing and therefore affirm its ruling in that regard.  <u>See</u> <u>id.</u> at 858 (noting that a district court's decision to grant or deny an evidentiary hearing in a habeas proceeding is reviewed for an abuse of discretion).

We DENY the request for a COA and DISMISS the appeal for substantially the same reasons as stated in the district court's order filed May 1, 2008.

Entered for the Court,


Mary Beck Briscoe
Circuit Judge

7