**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 9, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HOWARD WAYNE McGEHEE,

Defendant-Appellant.

No. 08-7085
(D.C. Nos. 6:07-CV-00414-RAW and
6:04-CR-00010-RAW-1)
(E.D. Okla.)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Howard Wayne McGehee, a federal prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. For substantially the same reasons as the district court, we deny a COA and dismiss the appeal.

**I**

On April 1, 2004, a jury convicted McGehee of seven criminal counts: (1) conspiracy to manufacture, possess with intent to distribute, and distribute methamphetamine in violation of 21 U.S.C. § 846; (2) attempt to manufacture

methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846 and 18 U.S.C. § 2; (3) possession of listed chemicals knowing or having reasonable cause to believe the listed chemicals would be used to manufacture methamphetamine in violation of 21 U.S.C. §§ 802 and 841(c)(2) and 18 U.S.C. § 2; (4) maintenance of a place for the purpose of manufacturing, distributing, and using a controlled substance in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; (5) possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (6) possession of a firearm after a prior felony conviction in violation of 18 U.S.C. § 922(g)(1); and (7) carrying a firearm during and in relation to a drug trafficking felony and possession of a firearm in furtherance of a drug trafficking felony in violation of 18 U.S.C. § 924(c)(1)(A).

On August 25, 2004, the district court entered judgment and sentenced McGehee to concurrent terms of 240 months' imprisonment for each of counts 1 and 2; 235 months' imprisonment for each of counts 3, 4, and 5; and 120 months' imprisonment for count 6. In addition, the court imposed a consecutive term of 60 months' imprisonment for count 7, for a total sentence of 300 months' imprisonment.

McGehee directly appealed his convictions and sentences to this court, challenging the sufficiency of the evidence on all counts, the application of a mandatory minimum sentence for a prior "drug felony offense" under 21 U.S.C. § 841(b)(1)(A) on counts 1 and 2, and the drug quantity calculation in his

presentence report.  United States v. McGehee, 177 F. App'x 815, 819 (10th Cir. 2006).  We affirmed his convictions and sentences in all respects.  Id. at 828.  He then petitioned the Supreme Court for a writ of certiorari, which was denied on March 26, 2007.  McGehee v. United States, 127 S. Ct. 1903 (2007).

On November 29, 2007, McGehee timely filed the underlying 28 U.S.C. § 2255 motion, claiming ineffective assistance of counsel and a supervening change in the law.  Regarding the ineffective assistance of counsel claim, he alleged that trial counsel was ineffective for:  (1) not moving to suppress the evidence returned from a search of his house, (2) failing to plea bargain, and (3) failing to call McGehee's co-defendant as a witness.  Regarding the supervening change in the law, McGehee argued that under Lopez v. Gonzales, 549 U.S. 47 (2006), his prior state felony conviction under the Texas Tax Code for failing to pay taxes on imported marihuana could not support the application of the mandatory minimum for a prior "felony drug offense" under 21 U.S.C. § 841(b)(1)(A) on counts 1 and 2.

The district court dismissed his § 2255 motion, finding that his trial counsel's assistance was at or above an objective standard of reasonableness because McGehee failed to rebut the presumption that his counsel pursued sound trial strategy.  The district court also concluded that Lopez did not substantively change the law with respect to the application of the mandatory minimum for a prior felony drug conviction under 21 U.S.C. § 841(b)(1)(A).  McGehee declined

to seek a COA from the district court but filed a timely notice of appeal. He then requested a COA from this court.

## II

Because the district court denied his habeas petition and McGehee declined to seek a COA from that court, he may not appeal the district court's decision absent a grant of a COA by this court. 28 U.S.C. § 2253(c)(1)(B). To obtain a COA, McGehee must make a "substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires him to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). In order to determine whether McGehee has made a substantial showing of the denial of a constitutional right, we examine the merits of his claims.

To establish ineffective assistance of counsel, McGehee must show (1) that his counsel's actions fell below an objective standard of reasonableness, and (2) that this conduct prejudiced the proceedings such that, absent counsel's errors, the outcome would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). We employ a strong presumption that counsel acted within the wide range of reasonable professional assistance. Id. at 689. We conclude that

reasonable jurists would agree that McGehee cannot make the required showings under Strickland for any of his three theories of ineffectiveness.[1]

First, McGehee asserts that counsel was ineffective for failing to file a motion to suppress when the warrant authorizing the search of his property was supported only by information from an unreliable informant. In fact, the officer's supporting affidavit contains a number of facts corroborating the informant's information and is sufficient to establish probable cause. Illinois v. Gates, 462 U.S. 213, 244-45 (1983). Because any motion to suppress would therefore have been meritless, this claim cannot survive either prong of Strickland. See Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003) ("[I]f the issue is meritless, its omission will not constitute deficient performance." (citation and footnote omitted)); Dennis v. Poppel, 222 F.3d 1245, 1261 (10th Cir. 2000) (failing to raise meritless claims is not prejudicial).

Second, McGehee asserts that his trial counsel failed to plea bargain. McGehee admits that counsel advised him that his "best option was to proceed to trial," and his claim that there was an "initial offer" from the government is not

---

[1] Before this court, McGehee asserts for the first time that "[a]ppellate counsel was ineffective for failing to 'properly' appeal the above issues." (emphasis added). "Issues not raised in the district court will not be considered for the first time on appeal when . . . there is no showing of an impediment to the appellant that precluded his raising the issue." United States v. Chee, 514 F.3d 1106, 1115 (10th Cir. 2008) (quotations omitted). Because McGehee has failed to make such a showing, we decline to consider his new argument that appellate counsel in his direct appeal was ineffective.

supported by the record in this appeal. This suggests, as the district court concluded, that defense counsel's advice was strategically sound. However, even if we assume that counsel was deficient in this regard, McGehee offers little more than the bare assertion that counsel's failure to plea bargain was prejudicial. In particular, McGehee does not allege that he would have taken a plea offer or that such an offer would have reduced the sentence he received as a result of the jury conviction. Therefore, this claim fails under the second prong of Strickland. See United States v. Carter, 130 F.3d 1432, 1442 (10th Cir. 1997) ("As for the prejudice prong, there must be a reasonable probability that but for incompetent counsel a defendant would have accepted the plea offer and pleaded guilty." (citation omitted)).

McGehee's final claim with regard to ineffective assistance is that counsel was deficient for not calling his co-defendant, Jason Don Sloan, as a witness. Although some of Sloan's testimony might have been helpful to McGehee, it would have opened the door to harmful testimony regarding Sloan and McGehee's drug use and evidence that Sloan had been producing methamphetamine immediately prior to their arrest. "[T]he decision of which witnesses to call is quintessentially a matter of strategy." Boyle v. McKune, 544 F.3d 1132, 1139 (10th Cir. 2008); see also Strickland, 466 U.S. at 699. We do not second guess defense counsel's decision and cannot say his performance was deficient under the first prong of Strickland. Because McGehee cannot satisfy the Strickland

- 6 -

standard on any of the grounds he raises, reasonable jurists would agree that his trial counsel was not ineffective.

Lastly, McGehee asserts that his prior conviction under the Texas Tax Code is not a prior "felony drug offense" for the purposes of the mandatory minimum sentence required by 21 U.S.C. § 841(b)(1)(A) on counts 1 and 2.  This issue was addressed on direct appeal,  McGehee, 177 F. App'x at 824-26, and "a prior opportunity for full and fair litigation is normally dispositive of a federal prisoner's habeas claim," Withrow v. Williams, 507 U.S. 680, 721 (1993). However, McGehee asserts that the supervening decision in Lopez, 549 U.S. at 60, changed the law regarding which offenses qualify as prior drug offenses.

Lopez does not resurrect McGehee's argument.  In Lopez, the Supreme Court held that for a prior offense to qualify as "illicit trafficking," a term undefined by the statute at issue in that case, the underlying conduct had to constitute a federal felony. Id.  Here, the question is whether McGehee has been convicted of a prior "felony drug offense," which is defined by statute as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."  21 U.S.C. § 802(44) (emphasis added).  Under this definition, McGehee's Texas conviction was a felony drug offense before Lopez, and it remains a felony drug offense today.  Because Lopez did not change the

law applicable to McGehee, we will not disturb this court's holding on his direct appeal that the mandatory minimum was correctly applied.[2] McGehee, 177 F. App'x at 826.

## III

McGehee has failed to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  We **DENY** a COA, **DISMISS** the appeal, and **DENY** the motion to proceed in forma pauperis on appeal.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

---

[2] Because we conclude on the record before us that reasonable jurists would not debate whether McGehee's motion should have been resolved in a different matter, there is no need to address whether the district court should have held an evidentiary hearing.  Anderson v. Attorney Gen. of Kan., 425 F.3d 853, 860 (10th Cir. 2005).