FILED
United States Court of Appeals
Tenth Circuit

November 29, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TOMMIE CHARLES BRADLEY, JR.,

     Petitioner - Appellant,

v.

JOHN W. SUTHERS, the Attorney
General of the State of Colorado;
HOYT BRILL,

     Respondents - Appellees.

No. 11-1271
(D.C. No. 1:09-CV-01343-MSK)
(D. Colo.)

---

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Petitioner-Appellant, Tommie Charles Bradley, Jr., a state inmate

proceeding pro se, seeks to appeal from the district court's judgment denying his

habeas application pursuant to 28 U.S.C. § 2254. Bradley v. Brill, No.

09-cv-01343-MSK, 2011 WL 2174466 (D. Colo. June 2, 2011). In his application

before the district court, he raised several claims including that the trial judge

erred (1) by denying his challenge for cause to a juror during voir dire and (2) by

denying his motion for mistrial after a juror revealed that her daughter had been

present at the scene of the crime. 1 R. 8-9. He also claimed that his counsel

provided ineffective assistance by not (3) consulting with a ballistics expert; (4)

moving to suppress the gun in his girlfriend's purse; (5) calling his girlfriend as a witness; and (6) conducting a reasonable investigation after a juror revealed that her daughter had been present at the crime scene. Id. at 9-12. To obtain a certificate of appealability ("COA"), Mr. Bradley must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He must demonstrate that the district court's resolution of his constitutional claims is wrong or at least reasonably debatable. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Mr. Bradley has not made this showing; we therefore deny his request for a COA and dismiss the appeal.

## Background

In March of 1996, Mr. Bradley, his girlfriend, and two other friends were at Pink E's Bar in Colorado Springs when a fight broke out in front of the bar. See Brill, 2011 WL 2174466, at *1. Mr. Bradley was part of the fight, and after the bouncers broke it up, he retrieved a gun from his car and returned to the bar. Id. Trial testimony suggested that he fired two shots into the air and that he fired other shots into the bar, "narrowly missing many people, including one bouncer." Id. Mr. Bradley and his friends left the scene, but police stopped his car soon after. Id. Police found a gun in Mr. Bradley's girlfriend's purse and bullet casings inside the car. Id. Mr. Bradley was arrested after a bouncer identified him. Id. Additional investigation revealed that the casings in Mr. Bradley's car

were from the same gun that fired the shots at the bar, but this was not the same gun found in his girlfriend's purse.  Id.  Neither Mr. Bradley nor his girlfriend tested positive for gunshot residue.  Id.

In January 1997, a jury in El Paso County, Colorado convicted Mr. Bradley of attempted first degree murder by extreme indifference and crime of violence. He was acquitted of possession of a defaced firearm, and sentenced to a term of thirty years.  Id.  The judgment was affirmed by the Colorado Court of Appeals on direct appeal.  People v. Bradley, No. 97CA0483 (Colo. Ct. App. Feb. 4, 1999), cert. denied, No. 99SC423 (Colo. Sept. 27, 1999); 1 R. 123-33. Thereafter, Mr. Bradley filed for state postconviction relief which was denied by the state district court; the case was then remanded by the Colorado Court of Appeals, People v. Bradley, No. 99CA2011 (Colo. Ct. App. June 19, 2003), and relief was then denied after a hearing.  That denial was affirmed on appeal. People v. Bradley, Nos. 00CA1659 & 05CA2044 (Colo. Ct. App. July 10, 2008), cert. denied, No. 2008SC995 (Colo. Feb. 9, 2009); 1 R. 262-86.  Mr. Bradley then filed his federal petition and the federal district court rejected all of Mr. Bradley's claims on the merits, except for the last claim which it deemed unexhausted.

## Discussion

To succeed on appeal, Mr. Bradley must show that the Colorado courts' proceedings "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). State determinations of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

There is ample evidence in the record to support the Colorado courts' determination that Mr. Bradley's trial was not tainted by presumed (or implied) juror prejudice. See Gonzales v. Thomas, 99 F.3d 978, 987-91 (10th Cir. 1996) (discussing implied bias). In claims one and two, Mr. Bradley contends that certain jurors could be presumed prejudiced because one juror had a family member murdered in a bar fight, and another's daughter was present at Pink E's bar the night of the shooting. Aplt. Br. 3-6. The trial court interviewed both jurors on the subject, and both claimed that their experiences would not affect their abilities to be fair in the case. See Trial. Tr. vol. II, 117-21, Jan. 13, 1997; Trial. Tr. vol. VI, 2-8, Jan. 14, 1997; see also Brill, 2011 WL 2174466, at *3-9. A state court's determination of witness impartiality is a question of fact, and the statutory presumption of correctness is applied. See Patton v. Yount, 467 U.S. 1025, 1036-38 (1984). Based on the jurors' answers to questions posed by the court and both attorneys, it was not unreasonable for the state court to conclude that the jurors could discharge their duties impartially.

Insofar as implied bias, the similarities between this case and that involving

- 4 -

the juror whose relative was murdered in a bar fight are minimal. Nor do we think that a court would be required to find implied bias merely because a juror's daughter had been at the scene of the crime given that the juror had not been present, the daughter was unharmed, and the juror calmly recalled the situation. The state courts' resolution on the challenge for cause and the motion for a mistrial based on presumed or implied prejudice was not an unreasonable application of federal law.

In claims three through six of his application, Mr. Bradley claims ineffective assistance of counsel in violation of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). An ineffective assistance claim requires a showing of deficient performance and prejudice with deference paid to counsel's reasonable choices. <u>Id.</u> at 687, 689. On habeas review, the question we must address is whether the state court's application of the <u>Strickland</u> standard was unreasonable given the standards in § 2254(d)—a double dose of deference. <u>See</u> <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1403 (2011); <u>Harrington v. Richter</u>, 131 S. Ct. 770, 785 (2011).

The district court held that on claims three and five, it was reasonable for the state court to hold that counsel's actions were "professionally competent." <u>See</u> <u>Brill</u>, 2011 WL 2174466, at *10, 12. This court has stated, "[I]nformed strategic or tactical decisions on the part of counsel are presumed correct, unless they were completely unreasonable, not merely wrong." <u>See</u> <u>Anderson v. Attorney Gen. of Kan.</u>, 425 F.3d 853, 859 (10th Cir. 2005) (internal quotation

- 5 -

omitted). In fact, at the hearing for Mr. Bradley's motions for state post-conviction relief, counsel testified that he refrained from calling a ballistics expert because he did not want the prosecution to refute the expert's probable testimony. See Brill, 2011 WL 2174466, at *10. This could well have hampered his ability to argue a lack of gunpowder residue in closing argument. Id. Further, counsel refused to place Mr. Bradley's girlfriend on the stand because "the jury probably would not have found her credible." Id. at *12. Moreover, as to claim four, counsel's decision not to make a motion to suppress the gun did not render his assistance ineffective, as a separate charge (possession of a defaced firearm) against Mr. Bradley would have rendered any such motion futile. Id. at *11. Therefore, on claims three, four, and five, the state court's holdings were not unreasonable under § 2254(d).

Finally, Mr. Bradley failed to exhaust his sixth claim before the state court, and in failing to do so procedurally defaulted on his claim. See Brill, 2011 WL 2174466, at *12-13. To proceed in federal court under § 2254, generally exhaustion of state court remedies is required. See 28 U.S.C. § 2254(b)(1)(A); Medlock v. Ward, 200 F.3d 1314, 1322 (10th Cir. 2000) (holding that petitioner failed to exhaust an ineffective assistance of counsel claim by failing to investigate claim before the state court). In Mr. Bradley's appeal of the trial court's denial of his Colo. R. Crim. P. 35(c) claim, he argued only that his counsel was ineffective for failing to challenge for cause the juror whose daughter

was present at the bar the night of the shooting.  1 R. 162.  He did not mention anything about a failure to investigate, as he does before this court.  Because he could have brought this claim in a previous petition, it is successive and procedurally barred under Colo. R. Crim. P. 35(c)(3).  Therefore, the district court was correct to dismiss Bradley's sixth claim.

We DENY Mr. Bradley's request for a COA, DENY his motion for leave to proceed IFP, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge