FILED
United States Court of Appeals
Tenth Circuit

July 20, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID ROBIN WHITMORE,

        Petitioner-Appellant,

v.

JUSTIN JONES, Director,

        Respondent-Appellee.

No. 11-6274
(D.C. No. 5:10-CV-01347-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **HOLLOWAY**, and **MATHESON**, Circuit Judges.

Petitioner David Robin Whitmore, an Oklahoma state prisoner, appeals the

district court's denial of his 28 U.S.C. § 2241 petition.  In his petition, Whitmore

raised claims relating to a prison disciplinary hearing held on December 9, 2009,

which resulted in the loss of 120 hours of earned credits.  The infraction that resulted

in the loss of credits was Whitmore's presence in an unauthorized area.  He asserted

that his procedural due process rights were violated because (1) prison officials failed

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

to preserve a video surveillance tape he claimed would exonerate him and (2) the decision-maker was not impartial. The district court dismissed the claims.

We granted a certificate of appealability (COA) on the first issue; whether prison officials violated Whitmore's right to due process by failing to obtain the surveillance video before the content was recorded over. *Whitmore v. Jones*, No. 11-6274 (10th Cir. Feb. 10, 2012) (Order Granting COA). In our order granting a COA, we directed respondent to file a brief that addressed whether the record conclusively forecloses an inference of bad faith on the part of prison officials. Thereafter, Whitmore filed a reply. We have reviewed the pleadings and the record, and we affirm for substantially the same reasons explained by the magistrate judge in the report and recommendation that was adopted by the district court.

**Facts**

On October 9, 2009, a prison guard spotted Whitmore in an unauthorized area. The guard reported that when he asked what he was doing there, Whitmore "got aggressive." R. at 59. Whitmore was escorted from the area and told to return to his housing unit. An investigation into the incident was commenced on November 2.[1]

---

[1] The Offense Report form states an investigation is "[t]o be referred [for investigation] within 24 hours from the time the violation is reported." R. at 59. Whitmore did not argue in the district court that the failure to launch a timely investigation was a violation of his due process rights. He does, however, appear to raise the issue in his reply brief when he argues that respondent "did not start the investigation in a reasonable amount of time[.]" Aplt. Reply Br. at 14. But Whitmore's failure to raise the argument in the district court forecloses our consideration of the issue on appeal. *See Tele-Commc'ns, Inc. v. Comm'r*, 104 F.3d

(continued)

- 2 -

After speaking with Whitmore, the investigating officer, Officer Kirkpatrick, checked the box marked "NO" as to whether the "Offender requested documentary evidence." *Id*. at 60.

On November 5, Whitmore filled out a request about his upcoming disciplinary hearing. He wrote: "Ma'am, I just wanted to put in writing that I requested the camera footage as evidence for the misconduct that I received from Sgt. Owen[.] [H]e said that I was aggressive and that he had to take me to the 4 way, and that's not true." *Id*. at 109. He asked Officer Kirkpatrick to "[p]lease review the camera footage[;] it will show that it[']s not true." *Id*. Officer Kirkpatrick said that she did not see the request until November 12 (the request is stamped "Received Nov 12 2009," *id*.) and by that time the content of the surveillance tape had been recorded over. She wrote: "Upon review of CCTV, the video for this date (10-9-09) is not available due to the camera system being on a continuous loop." *Id*.

Whitmore insists that he told Officer Kirkpatrick on November 2 that he wanted the surveillance tape. He said that he put the request in writing on November 5, because it occurred to him that Officer Kirkpatrick failed to note the request in her report. The timing of Whitmore's request is important because the surveillance cameras operate on a continuous loop, and are recorded over generally somewhere between 28 to 30 days. According to Whitmore, Officer Kirkpatrick ignored his

1229, 1232 (10th Cir. 1997) ("Generally, an appellate court will not consider an issue raised for the first time on appeal.").

initial request to obtain the video tape and delayed acting on his written request until it was too late because she knew the tape would prove that the prison guard was lying.

Officer Kirkpatrick denies that Whitmore requested the surveillance tape in their initial meeting on November 2. Respondent further argues that any delay in processing Whitmore's November 5 request was occasioned by "the work load on prison staff[,] [which] interferes with the timely processing of many types of paperwork . . . and that is all that happened." Aplee. Resp. Br. at 9.

**Analysis**

"It is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks omitted). It is equally well established that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 1445 (internal quotation marks omitted). To pass constitutional muster, all that is required is that a prisoner be given "(a) advance written notice of the charges; (b) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (c) a written statement by the factfinder of the evidence relied upon on [sic] and the reasons for the disciplinary action." *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005). "In

addition, the decision must be supported by some evidence." *Id*. Under certain circumstances, the failure to provide an inmate with a video tape of an alleged incident may violate the inmate's right to procedural due process. *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811, 814 (10th Cir. 2007).

In this case, Whitmore says that when he met with Officer Kirkpatrick on November 2, he asked her to secure the surveillance tape. Then on November 5, he sent a written request to Officer Kirkpatrick in which he asked her to look at the surveillance tape. Officer Kirkpatrick denies that Whitmore asked for the video tape (or any other documentary evidence) on November 2, and further stated that she first became aware of the written request on November 12; by that time (more than 30 days after the incident) the content had been taped over.

In circumstances such as these, a prisoner is "entitled to an evidentiary hearing so long as his allegations, if true and if not contravened by the existing factual record, would entitle him to habeas relief, [mindful that] the factual allegations must be specific and particularized, not general or conclusory." *See Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 858-59 (10th Cir. 2005) (internal quotation marks omitted). "Moreover, an evidentiary hearing is unnecessary if the claim can be resolved on the record." *Id*. at 859. The record establishes that Whitmore made a written request to Officer Kirkpatrick on November 5 to view the surveillance tape. But the record also establishes that Officer Kirkpatrick did not review the request until November 12. Although Whitmore theorizes that Officer Kirkpatrick

deliberately ignored the request until it was too late, these are conclusory allegations.

Further, Whitmore acknowledges that Officer Kirkpatrick's workload may have prevented her immediate review of his request, but says that "[t]he investigator should automatically check all the available camera footage to see if it was caught on tape, then save that footage in the event it[']s needed." Aplt. Reply Br. at 2. "[T]he duty to preserve would have covered for the 'workload,' because the evidence would have been SAVED until they caught up." *Id*. at 13 (underlining omitted). However, the opportunity to present documentary and other evidence has never been extended to require prison officials to gather, review, or preserve evidence that a prisoner may later find helpful.

The judgment of the district court is AFFIRMED.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge