FILED
United States Court of Appeals
Tenth Circuit

August 27, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM R. STEVENSON,

      Petitioner–Appellant,

v.

WARDEN RAE TIMME; JOHN
SUTHERS, The Attorney General of the
State of Colorado,

      Respondents–Appellees.

No. 13-1147
(D.C. No. 1:12-CV-02175-WJM)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

William Stevenson, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas

petition. We deny a COA and dismiss the appeal.

**I**

In 2008, Stevenson was convicted in Colorado state court of aggravated robbery.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

He was sentenced to twenty-four years' imprisonment. The Colorado Court of Appeals affirmed his conviction and sentence on direct review. Stevenson did not seek state post-conviction relief. In a federal habeas petition, Stevenson asserted three claims: (1) his arrest was not supported by probable cause, rendering any evidence gathered subsequent to his arrest inadmissible under the Fourth Amendment; (2) his Miranda warning was inadequate; and (3) his Sixth Amendment right to a speedy trial was violated. Stevenson later amended his application to include a claim of ineffective assistance of counsel. The district court concluded that Stevenson's speedy trial and ineffective assistance of counsel claims had not been exhausted, and gave Stevenson an opportunity to withdraw those claims. After Stevenson elected to proceed only with claims one and two, the district court denied relief and declined to grant a COA. Stevenson now seeks a COA from this court.[1]

**II**

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. 28 U.S.C. § 2253(c)(1)(A). We will grant a COA only if Stevenson shows "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should

---

[1] The district court entered final judgment on March 12, 2013. Stevenson then had thirty days to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). He filed his notice of appeal on April 12, 2013—thirty-one days after judgment had been entered. However, under the prison mailbox rule, "a pro se prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline." Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005). The certificate of mailing attached to Stevenson's notice of appeal was dated April 10, 2013, and thus his appeal is timely.

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). To prevail on the merits, Stevenson must demonstrate that the state courts' adjudication of his claims either "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" or was "contrary to, or involved an unreasonable application of, clearly established Federal law." § 2254(d)(1), (2). Because Stevenson proceeds pro se, we construe his filings liberally; however, "we do not assume the role of advocate." Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted).

On appeal, Stevenson claims that the district court erred in determining that he was provided a full and fair opportunity to litigate his Fourth Amendment claim in state court. "[A] state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial" if "the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim." Stone v. Powell, 428 U.S. 465, 494 (1976) (footnote omitted). "Opportunity for full and fair consideration includes, but is not limited to, the procedural opportunity to raise or otherwise present a Fourth Amendment claim," a "full and fair evidentiary hearing," and "at least colorable application of the correct Fourth Amendment constitutional standards." Gamble v. Oklahoma, 583 F.2d 1161, 1165 (10th Cir. 1978) (quotation and footnote omitted).

The state trial court held an evidentiary hearing on Stevenson's motion to

suppress, during which the investigating detective and Stevenson were carefully questioned, before concluding that the arrest was lawful. And the Colorado Court of Appeals upheld that determination, colorably applying the correct standard for probable cause. Stevenson's disagreement with the precedent applied and the conclusions reached by the state courts does not demonstrate an "unconscionable" breakdown in the state court proceedings. Id. at 1165 n.3. We agree with the district court that Stevenson had a full and fair opportunity to litigate his Fourth Amendment claim in state court. See Smallwood v. Gibson, 191 F.3d 1257, 1265 (10th Cir. 1999) (habeas relief barred because Fourth Amendment claims were adequately presented at trial and considered on direct appeal under appropriate Supreme Court precedent).

Stevenson also argues that the district court failed to make its own factual determinations in evaluating the sufficiency of his Miranda warnings and improperly concluded those warnings were adequate. But under Supreme Court precedent, the "inquiry is simply whether the warnings reasonably convey to a suspect his rights as required by Miranda." Florida v. Powell, 559 U.S. 50, 60 (2010) (quotation and alterations omitted). The state courts reasonably concluded that that threshold was satisfied. The Colorado Court of Appeals rejected Stevenson's Miranda claim based on credible testimony that Stevenson demonstrated willingness to speak with the investigating detective after his Miranda rights were recited to him at the time of his arrest and again at the police station. Both times, Stevenson knowingly and voluntarily waived his rights. See Colorado v. Spring, 479 U.S. 564, 573-74 (1987) (setting forth

standard for knowing and voluntary waiver of <u>Miranda</u> rights).

Stevenson complains that the district court analyzed the state court decision rather than considering the facts and law independently. But the district court properly evaluated the state court's adjudication of his claim against the applicable standard for habeas relief. <u>See</u> § 2254(d)(2). Stevenson failed to provide clear and convincing evidence to rebut the state courts' factual determinations, and thus those determinations are presumed correct. <u>See</u> § 2254(e). For this reason, Stevenson's final contention that he should have been afforded an evidentiary hearing also lacks merit. <u>See</u> <u>Anderson v. Attorney Gen. of Kan.</u>, 425 F.3d 853, 859 (10th Cir. 2005) ("[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record."). We are in substantial agreement with the reasoning of the district court and conclude that reasonable jurists could not debate its rulings.

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. We **GRANT** Stevenson's motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge

-5-