**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

KENNETH J. HUCKFELDT,

        Petitioner - Appellant,

v.

STATE OF WYOMING,

        Respondent - Appellee.

No. 16-8131
(D.C. No. 2:16-CV-00131-NDF)
(D. Wyo.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY AND
DISMISSING THE APPEAL**

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.

Mr. Kenneth Huckfeldt was convicted in state court on charges of
first-degree sexual assault and first-degree sexual abuse of a minor. After
unsuccessfully appealing in state court, Mr. Huckfeldt sought a writ of
habeas corpus in federal district court. The district court denied relief, and
Mr. Huckfeldt wants to appeal, and to obtain an evidentiary hearing.

To appeal, Mr. Huckfeldt needs a certificate of appealability. 28
U.S.C. § 2253(c)(1)(A) (2012). For the certificate, Mr. Huckfeldt must
make "a substantial showing of the denial of a constitutional right." 28
U.S.C. § 2253(c)(2) (2012). This showing exists only if reasonable jurists

could characterize the district court's rulings as debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Huckfeldt argues that the federal district court should not have rejected his claims involving ineffective assistance of counsel, conflict of interest, abuse of discretion, judicial bias, and prosecutorial misconduct. The state appellate court rejected these claims on the merits. Thus, Mr. Huckfeldt had to show that the state appellate court's decision was contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1) (2012).

The federal district court denied habeas relief, thoroughly explaining the absence of a conflict with, or unreasonable application of, clearly established federal law. We agree with that explanation and do not believe that any reasonable jurist could regard the habeas claims as reasonably debatable. As a result, we decline to issue a certificate of appealability and dismiss the appeal.

We also decline the request for an evidentiary hearing because the record shows the clear unavailability of habeas relief on any of the claims. *See Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 859 (10th Cir. 2005)

("[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record.").

Entered for the Court


Robert E. Bacharach
Circuit Judge