FILED
United States Court of Appeals
Tenth Circuit

May 7, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JERRY WAYNE BRADFORD,

        Petitioner–Appellant,

v.

GREG WILLIAMS, Warden,

        Respondent–Appellee.

No. 12-6016
(D.C. No. 5:09-CV-00860-M)
(W.D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Jerry Bradford, a state prisoner appearing pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas

petition. We deny a COA and dismiss the appeal.

**I**

Bradford was convicted in Oklahoma state court of robbery with a dangerous

weapon and sentenced to thirty years' imprisonment. Following his conviction,

Bradford's brother—who had previously invoked his Fifth Amendment right to silence—

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

signed an affidavit indicating that he was the one who committed the robbery. Acknowledging this confession, the Oklahoma Court of Criminal Appeals ("OCCA") remanded Bradford's case so that the trial court could conduct an evidentiary hearing and determine the import of the affidavit. At the evidentiary hearing, Bradford's brother testified about his involvement in the robbery, but the trial court found his knowledge of the crime deficient and concluded that the testimony would not have affected the outcome of the trial. The court also determined that this new evidence could have been presented at trial. Deferring to the trial court's findings, the OCCA denied Bradford's subsequent motion for a new trial. Bradford then filed an application for post-conviction relief, which was denied by the trial court, and again on appeal.

After failing to obtain relief in state court, Bradford filed a § 2254 habeas petition in federal district court. The petition asserts a plethora of claims, some of which have been presented to the Oklahoma courts and some of which have not. Applying deference where appropriate under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a magistrate judge recommended that Bradford's petition be denied. The district court adopted the magistrate's recommendation in full and denied Bradford a COA.

## II

We will grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Bradford must demonstrate "that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). We liberally construe Bradford's pro se filings. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Oklahoma courts have already adjudicated the merits of several claims now before us. Our review of such claims is governed by AEDPA, and Bradford is not entitled to relief unless he can demonstrate that the state court's resolution of his claims was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## A

Bradford asserts a number of ineffective assistance of counsel claims stemming from the performance of his trial counsel. To establish ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), a petitioner must show both that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. Id. at 687-88, 694. Our review of counsel's performance is highly deferential; the petitioner must overcome the presumption that, "under the circumstances, the challenged action might be considered sound trial strategy." United States v. Taylor, 454 F.3d 1075, 1079 (10th Cir. 2006) (citation omitted). To

demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The first of Bradford's ineffective assistance claims centers on his trial counsel's alleged failure to investigate. Specifically, Bradford alleges that counsel should have interviewed his brother and cousin. But Bradford's brother invoked his Fifth Amendment rights and refused to testify at trial—a fact which cannot be traced to counsel's performance. Moreover, even if Bradford's cousin were to have testified as Bradford speculates, the testimony would only have corroborated the statements of another witness who did testify. This is insufficient to demonstrate prejudice. Bradford "must show more than that his counsel's action had some conceivable effect on the outcome of the proceeding, because virtually every act or omission of counsel would meet that test." Turrentine v. Mullin, 390 F.3d 1181, 1205 (10th Cir. 2004) (citations, quotations, and alterations omitted).

Additionally, Bradford claims that his counsel erred by failing to: (1) prepare pretrial motions on time; (2) object to perjured testimony; (3) request full discovery; (4) file a timely suppression motion; (5) conduct an independent investigation; (6) seek and screen witnesses; (7) request a jury instruction explaining new Oklahoma law. Each of these claims is presented in a cursory fashion accompanied by few (if any) factual details. Bradford urges us to look to his pleadings before the state and federal district courts to

- 4 -

better understand the nature of his arguments. However, it is not for us to make Bradford's arguments for him, or to analyze issues not adequately presented to us on appeal. See Gaines-Tabb v. ICI Explosives, USA, Inc., 160 F.3d 613, 623 (10th Cir. 1998) (rejecting parties' attempt to "adopt the materials they filed in the district court rather than setting forth in their appellate brief their quarrel with the district court's reasoning."). Given the scant information before us, we lack a sufficient basis for analyzing the performance of Bradford's counsel or the impact of the alleged Strickland violations.

In the alternative, Bradford argues that the district court erred by not conducting an evidentiary hearing regarding his ineffective assistance claims. We review a district court's denial of an evidentiary hearing for abuse of discretion. Anderson v. Attorney Gen. of Kans., 425 F.3d 853, 858 (10th Cir. 2005). As with the merits of Bradford's claims, he does not offer any evidence to indicate that an evidentiary hearing was warranted. The district court thus did not abuse its discretion in denying such a hearing.

**B**

Bradford next argues that the prosecution encouraged perjury and solicited false testimony at trial. The Supreme Court has held that "deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with rudimentary demands of justice." Giglio v. United States, 405 U.S. 150, 153 (1972). To demonstrate a violation of due process, however, Bradford must show that the presentation of false

evidence was material. <u>United States v. Langston</u>, 970 F.2d 692, 700 (10th Cir. 1992)

In his briefing, Bradford alleges the prosecutor insinuated that several trial witnesses were familiar with Bradford prior to the date of the robbery, when in fact they were not. However, Bradford does not indicate any specific false statements made by the witnesses or any attempt by the prosecution to portray these witnesses as Bradford's acquaintances. Our independent review of the record also failed to reveal any indication that the prosecutor knowingly presented false evidence, or that any testimony presented to the jury was clearly false. Accordingly, Bradford's due process claim fails.

## C

Finally, Bradford asserts that there was insufficient evidence to convict him, that his appellate counsel was deficient, and that his conviction constituted a miscarriage of justice. As with many of his other claims, Bradford forgoes providing even the most basic of details surrounding these alleged violations, and instead attempts to incorporate by reference his past pleadings from state and federal court. <u>See</u> <u>Gaines-Tabb</u>, 160 F.3d at 623. Absent any allegations of specific errors, we see no merit in Bradford's claims.

## III

Because Bradford has not shown that his petition's merits are debatable, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge