FILED
United States Court of Appeals
Tenth Circuit

July 10, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAUL LOPEZ,

      Petitioner–Appellant,

v.

JAMES RUDEK, Warden,

      Respondent–Appellee.

No. 12-5044
(D.C. No. 4:08-CV-00505-CVE-FHM)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Raul Lopez, a state prisoner appearing pro se, seeks a certificate of appealability

("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. We

deny a COA and dismiss the appeal.

**I**

Lopez was convicted in Oklahoma state court for trafficking illegal drugs.

Because he had previously been convicted of two drug-related felonies, the court

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imposed a mandatory sentence of life without parole. See § 2-415(D)(3). On direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), Lopez raised several claims including: (1) ineffective assistance of counsel; (2) denial of a fair trial based on an evidentiary harpoon; (3) prosecutorial misconduct; and (4) insufficient evidence to warrant a conviction. The OCCA affirmed Lopez's conviction, and he subsequently filed a § 2254 habeas petition in federal district court. In his petition, Lopez asserted the four claims described above and requested permission to stay and supplement his petition with a new Fourth Amendment claim. The district court determined that it lacked discretion to grant Lopez's motion to stay because all of the claims in the pending habeas petition had already been exhausted. Applying proper deference to the OCCA's decision under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the district court denied the petition and refused to grant Lopez a COA.

## II

We will grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Lopez must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). We liberally construe Lopez's pro se filings. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Oklahoma courts have already adjudicated the merits of the substantive claims

now before us. Our review of these claims is thus governed by AEDPA, and Lopez is not entitled to relief unless he can demonstrate that the state court's resolution of his claims was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

## A

Lopez asserts a plethora of ineffective assistance of counsel claims. To establish ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), Lopez must show both that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. Id. at 687-88, 694. Because the OCCA addressed the merits of Lopez's ineffective assistance claims, he must show that there is no reasonable argument that his trial counsel "satisfied Strickland's deferential standard." Harrington v. Richter, 131 S. Ct. 770, 788 (2011).

In his petition, Lopez highlights seven instances in which his counsel was allegedly deficient. He argues that his counsel: (1) failed to reassert a motion to suppress; (2) failed to request an interpreter; (3) admitted two prior convictions to the jury during voir dire; (4) inadequately investigated Lopez's prior convictions; (5) failed to object to an alleged evidentiary harpoon; (6) failed to object to the prosecution's voir dire questions; and (7) failed to challenge the state's evidence. Upon review of the record, we agree with the OCCA and district court that none of these claims rise to the

-3-

level of a <u>Strickland</u> violation.  Specifically, Lopez's appeal does not demonstrate that, "but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Strickland</u>, 466 U.S. at 694.

While quite detailed, Lopez's recitation of his interaction with counsel does not undermine the OCCA's factual findings or show that any alleged deficiency resulted in prejudice.  Given the high hurdles imposed by AEDPA, such evidence is not sufficient to warrant relief.  <u>See</u> <u>Brown v. Sirmons</u>, 515 F.3d 1072, 1077 (10th Cir. 2008) ("[W]e presume the factual findings of the state trial and appellate courts are correct, and we place the burden of rebutting this presumption by clear and convincing evidence on the petitioner.").  Accordingly, we reject Lopez's ineffective assistance claims.

**B**

In a few cursory paragraphs, Lopez also seeks review of his evidentiary harpoon, prosecutorial misconduct, and cumulative error claims.  Each of these claims is accompanied by few (if any) factual details, and Lopez does not allege specific errors by the district court or the OCCA.  It is not for us to make Lopez's arguments for him, or to analyze issues not adequately presented to us on appeal.  <u>See</u> <u>Gaines-Tabb v. ICI Explosives, USA, Inc.</u>, 160 F.3d 613, 623 (10th Cir. 1998) (rejecting parties' attempt to "adopt the materials they filed in the district court rather than setting forth in their appellate brief their quarrel with the district court's reasoning").  Because Lopez fails to assert substantive allegations regarding these claims, we lack a sufficient basis to analyze them.

-4-

We also reject Lopez's assertion that the district court abused its discretion by refusing to stay his petition so that he could supplement it with a Fourth Amendment claim. The Supreme Court has opined that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 544 U.S. 269, 277 (2005). Without deciding if the district court was correct in finding that dismissal of Lopez's motion was mandatory, we hold that Lopez was not entitled to a stay.

Lopez argues that his lack of English language skills prevented him from presenting his Fourth Amendment claim to the Oklahoma courts. The record, however, indicates that this alleged language barrier was not severe enough to prevent Lopez from raising at least four other claims before the OCCA. Because Lopez has not proffered a convincing or adequate reason to justify a stay, we hold that he failed to show good cause as a matter of law. Cf. Yang v. Archuleta, 525 F.3d 925, 929 (10th Cir. 2008) (holding that a lack of English proficiency is not a basis for equitable tolling).

Finally, we reject Lopez's argument that the district court erred by refusing to hold an evidentiary hearing. "A district court's decision to grant or deny an evidentiary hearing in a habeas proceeding is reviewed for an abuse of discretion." Anderson v. Att'y Gen. of Kan., 425 F.3d 853, 858 (10th Cir. 2005). Looking to the record, we conclude that the district court had a sound basis for dismissing Lopez's petition and that

additional evidence would not have aided it in reaching its decision.

## III

Because Lopez has not shown that his petition's merits are debatable, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge