**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CARL GENE LEE, SR.,

       Petitioner-Appellant,

v.

STATE OF UTAH,

       Respondent-Appellee.

No. 13-4046
(D.C. No. 2:09-CV-00709-DAK)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Proceeding pro se,[1] Carl Gene Lee, Sr., a Utah state inmate, appeals from

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]      Because Mr. Lee is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v.*

(continued...)

the district court's denial of his motion for appointment of counsel to assist with his federal habeas proceeding.  We **affirm** the district court's order.

# I

On August 17, 2009, Mr. Lee filed a petition for a writ of habeas corpus in the District of Utah.  The district court issued an order stating that "because of the format Petitioner has chosen and the confusing nature of his allegations, the Court cannot decipher Petitioner's claims in a way that allows the Court to properly review his petition."  R., Vol. I, at 33 (Order, filed Sept. 25, 2009).  As a result, it ordered Mr. Lee to refile the petition on a court form "in an organized, concise fashion and return [it] to the Court within thirty days," or risk dismissal.  *Id.*  Mr. Lee did not do so, and the district court accordingly dismissed the petition.

We denied Mr. Lee's application for a certificate of appealability ("COA"), noting that "[t]he district court gave Mr. Lee a reasonable opportunity to remedy the defects in his petition" and "Mr. Lee did not comply with the court's instructions, and ignored his basic obligation to provide sufficient facts on which to base a claim."  *Lee v. Utah*, 393 F. App'x 568, 569 (10th Cir. 2010).  Following the issuance of our order, the district court docket was silent from August 2010 until February 2013.  At that time, Mr. Lee filed a motion asking the district court to appoint him an attorney.  The district court denied the motion,

---

[1](...continued)
*Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

reasoning that "[t]here is no basis for seeking counsel in a closed case." R., Vol. I, at 84 (Order, filed Mar. 5, 2013). Mr. Lee appeals.

## II

Mr. Lee is entitled to appeal the district court's denial of his motion for appointment of counsel without a COA. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009). As a threshold matter, we note that we have jurisdiction over the appeal because the petition had already been dismissed when Mr. Lee filed his motion, and the denial of the motion therefore left the district court with nothing else to do. *See Montez v. Hickenlooper*, 640 F.3d 1126, 1132 (10th Cir. 2011) ("This court typically only has jurisdiction over final decisions of the district court, which generally means the district court's decision must reflect the termination of all matters as to all parties and causes of action." (quoting *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003)) (internal quotation marks omitted)); *see also Smith v. Rail Link, Inc.*, 697 F.3d 1304, 1312–13 (10th Cir. 2012) (observing that it is appropriate to raise jurisdiction sua sponte). We review the district court's denial of Mr. Lee's motion for appointment of counsel for abuse of discretion. *See Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2011).

## III

Factors to consider in reviewing the district court's ruling include the simplicity of the issues, *see id.*, the meritoriousness *vel non* of Mr. Lee's arguments, *see Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 861 (10th Cir.

2005), and his ability to adequately advocate for his cause, *see Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).  Given that the petition had already been dismissed and the case closed at the time Mr. Lee filed his motion for appointment of counsel, the first task an attorney would presumably have had to perform in the matter would have been to assist Mr. Lee with drafting a motion to reopen the case, as such a motion would be an essential predicate for further proceedings on the merits.  There is no indication that such a motion would have been complicated, for the only reason the petition was dismissed in the first place was because Mr. Lee refused to submit his claims in a coherent fashion on a court form.

Yet, there also is nothing to suggest that such a motion would have been granted, given how overdue the resubmitted petition was.  And finally, an examination of Mr. Lee's various filings does not demonstrate that he would have been unable to explain, without the benefit of representation, why he failed to follow the court's instructions, which seems to be the only thing that he could have done to address the dismissal of his petition.  Consequently, the district court did not abuse its discretion in denying the motion.

**IV**

For the reasons set forth above, we **affirm** the district court's order

denying Mr. Lee's motion to appoint counsel.[2]

Entered for the Court


JEROME A. HOLMES
Circuit Judge

_____

[2]    Mr. Lee also filed a motion to proceed on appeal *in forma pauperis*. Because he has failed to present to us a reasoned, nonfrivolous basis for this appeal, *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991), we **deny** that motion.