**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELVA GARCIA,

           Plaintiff - Appellant,

v.

CINTAS CORPORATION NO. 3, a
Nevada corporation,

           Defendant - Appellee.

No. 13-35406

D.C. No. 2:12-cv-03064-RMP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief District Judge, Presiding

Argued and Submitted April 10, 2015
Seattle, Washington

Before: HAWKINS, RAWLINSON, and CALLAHAN, Circuit Judges.

      Plaintiff-Appellant Elva Garcia appeals the district court's grant of summary

judgment dismissing her claim for failure to accommodate her disability under

Revised Code of Washington § 49.60.180.  Because the parties are familiar with

the facts and procedural history, we do not restate them except as necessary to

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. To give proper notice of an injury requiring an accommodation, the plaintiff must either show that the condition substantially limited her, or produce medical documentation that working without an accommodation would aggravate the impairment until it became substantially limiting. Wash. Rev. Code § 49.60.040(7)(d); *Johnson v. Chevron U.S.A., Inc.*, 244 P.3d 438, 444 (Wash. Ct. App. 2010). Although Garcia injured her wrist in August 2011, she told Cintas that she was pain-free in early November 2011, if not later, and thus she was not substantially limited by her condition at that time. Moreover, she produced no medical documentation that her condition would be aggravated by working in the First Sort position. Accordingly, her prior injury in August 2011 and her statement in mid-November that she could only do the First Sort position for about two weeks did not provide sufficient notice of any disability requiring accommodation in late November or early December 2011.

Garcia's deposition testimony and declaration are also insufficient to raise a genuine issue of material fact as to whether Cintas had a duty to accommodate Garcia's wrist condition in November 2011. Her deposition testimony is ambiguous and inconsistent as to when and what she told her supervisor about her wrist. Construed in the light most favorable to Garcia, her testimony and later-

2

filed declaration indicate that Garcia may have generally complained of pain and asked whether Cintas had found someone to replace her at First Sort, neither of which is sufficient to provide notice of a need for accommodation. *See Hume v. Am. Disposal Co.*, 880 P.2d 988, 996 (Wash. 1994). Moreover, there is no indication that Garcia missed any work due to her wrist condition, or that her ability to complete her job assignments was compromised until January 2012. *Id.* Every other piece of evidence, including her own statements to her doctor and to a state agency, shows that she did not notify Cintas that she had a substantially limiting condition until the end of December 2011 or the beginning of January 2012. No duty to accommodate arose until January 3, 2012, when Garcia informed Cintas she could no longer work at the First Sort position due to her wrist condition.

2. An employee is not entitled to her preferred accommodation, and an employer is not required to provide a medically unnecessary accommodation. *Hill v. BCTI Income Fund-I*, 23 P.3d 440, 452–53 (Wash. 2001), *overruled on other grounds by McClarty v. Totem Elec.*, 137 P.3d 844 (Wash. 2006); *Pulcino v. Fed. Express Corp.*, 9 P.3d 787, 795 (Wash. 2000), *overruled on other grounds by McClarty*, 137 P.3d 844. Although the parties agree that Cintas had proper notice of the need to accommodate Garcia's wrist condition in January 2012, Garcia does

3

not dispute that she was physically capable of working on the First Sort position with one hand without aggravating her wrist.  Moreover, she refused to attempt Cintas' proposed accommodations and became hostile in response to the proposals. The district court did not err in determining that Cintas provided a reasonable accommodation.

**AFFIRMED**.