FILED
United States Court of Appeals
Tenth Circuit

June 25, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WAYNE GLASSER,

    Petitioner - Appellant,

v.

JACKIE MCCALL, Acting Warden; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

    Respondents - Appellees.

No. 18-1420
(D.C. No. 1:17-CV-01396-WYD-MEH)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **BRISCOE**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

Wayne Glasser, a Colorado state inmate proceeding pro se,[1] seeks a certificate of

appealability (COA) under 28 U.S.C. § 2253 in order to appeal the denial of his

28 U.S.C. § 2254 habeas corpus petition. We deny a COA and dismiss the matter.

**I. Background**

In 2008, Glasser was convicted of two counts of aggravated first degree sexual

assault and one count of second degree kidnapping. The trial court merged the sexual

---

* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Glasser's pro se filings but do not act as his advocate.
_See James v. Wadas_, 724 F.3d 1312, 1315 (10th Cir. 2013).

assault convictions and imposed two consecutive sentences of thirty years' imprisonment. On direct appeal, the Colorado Court of Appeals (CCA) affirmed the convictions and sexual assault sentence but reversed the kidnapping sentence and remanded for resentencing. *People v. Glasser*, 293 P.3d 68 (Colo. App. 2011). The CCA denied Glasser's petition for rehearing, and both the Colorado Supreme Court and the United States Supreme Court denied Glasser's petitions for a writ of certiorari.

On remand, the trial court resentenced Glasser to consecutive sentences of thirty years' imprisonment for the sexual assault convictions and twenty-four years' imprisonment for the kidnapping conviction. Glasser filed a motion for reduction of sentence pursuant to Colo. R. Crim. P. 35(b), which the court denied. Glasser did not appeal.

Glasser then filed a petition for post-conviction relief pursuant to Colo. R. Crim. P. 35(c). The state court summarily denied the petition, and the CCA affirmed. *People v. Glasser*, No. 14CA1566, 2016 WL 836990 (Colo. App. Mar. 3, 2016) (unpublished). The CCA denied Glasser's petition for rehearing, and the Colorado Supreme Court denied his petition for a writ of certiorari.

Thereafter, Glasser filed a § 2254 petition in federal district court, asserting a Confrontation Clause violation and numerous claims of ineffective assistance of counsel (IAC), including a claim of cumulative IAC. After a comprehensive review, the district court dismissed the Confrontation Clause claim as procedurally defaulted, summarily denied the IAC claims on the merits, and denied a COA. The district court also denied Glasser's motion for reconsideration. Glasser now seeks a COA from this court.

2

## II. COA Standard

With respect to Glasser's defaulted Confrontation Clause claim, Glasser qualifies for a COA only if he can demonstrate that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). With respect to the remainder of Glasser's claims, Glasser qualifies for a COA only if he can demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

When determining if Glasser has satisfied these standards, we are limited to "an overview of the claims in the habeas petition and a general assessment of their merits," rather than a "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Nevertheless, the "deferential treatment of state court decisions" under 28 U.S.C. § 2254 "must be incorporated into our consideration of a habeas petitioner's request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Under § 2254, factual determinations "by a State court shall be presumed to be correct," which a petitioner can rebut only with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). For claims adjudicated on the merits in state court, a petitioner must establish the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(1), (2). If that deferential "standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

3

### III.  Discussion

Federal habeas review exists to "guard against extreme malfunctions in the state criminal justice systems." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks).  Having reviewed Glasser's filings, the district court record, and the state court record, we conclude that no such malfunction occurred in Glasser's case and that reasonable jurists would not debate the district court's rulings.

First, Glasser asserts the state court's determination, made both on direct appeal and in post-conviction, that his counsel presented a defense of consent constituted an unreasonable factual finding.  Glasser claims that his attorneys did not present such a defense and that such a factual finding adversely impacted the disposition of several of his claims.  The district court properly found Glasser failed to produce clear and convincing evidence sufficient to rebut § 2254's presumption of correctness.

Next, the district court correctly found Glasser's Confrontation Clause claim procedurally defaulted.  The state court properly found the claim barred under Colo. Crim. P. 35(c)(3)(VII), and none of the exceptions to that bar apply.  Although Glasser now asserts ineffective assistance of appellate counsel as cause to excuse the procedural default, he failed to raise and exhaust such a claim in state court.  *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

The district court also correctly denied Glasser's ineffective assistance of counsel claims on the merits, particularly given review of such claims is "doubly" deferential. *Richter*, 562 U.S. at 105 (internal quotation marks omitted).  Glasser was required to show both objectively unreasonable performance by his attorneys and "a reasonable

4

probability that . . . the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). A thorough review of each claim is not warranted here, but many of his claims fail on one of *Strickland*'s prongs—and for some, he cannot satisfy either prong. Further, as each individual claim is without merit, so too is his claim of cumulative ineffective assistance. *See Wood v. Carpenter*, 907 F.3d 1279, 1302 (10th Cir. 2018), *petition for cert. filed* (U.S. Mar. 29, 2019) (No. 18-8666); *Spears v. Mullin*, 343 F.3d 1215, 1251 (10th Cir. 2003).

Finally, as all claims could be resolved on the record, the district court properly denied an evidentiary hearing. *See Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 859 (10th Cir. 2005).

## IV. Conclusion

We deny Glasser's request for a COA, dismiss the matter, and dismiss as moot his motion for certification of questions of state law to the Colorado Supreme Court. We grant his motion to proceed *in forma pauperis*. *See Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008).

Entered for the Court

Bobby R. Baldock
Circuit Judge